United States District Court
Southern District of Texas
**ENTERED**
July 19, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN WAYNE ALLEN, (SPN #02834684) | § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. H-16-1497 |
| RON HICKMAN, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Brian Wayne Allen filed this federal petition for a writ of habeas corpus. On-line research reveals that on February 5, 2016, Allen was arrested for unauthorized use of a vehicle and charged in Cause Numbers 1497761 & 1497224. He alleges that he has been illegally held without bond, indictment, or a magistrate appearance. He seeks immediate release.

On-line research shows that his bond was set at $15,000.00, that he has been indicted, and that his next court date is February 2, 2017.

The threshold issue is whether the petition must be dismissed for nonexhaustion. Liberally construed, Allen alleges that he has been denied a speedy trial right under the Sixth Amendment to the United States Constitution. *See* U.S. CONST. amend. VI (that "the accused shall enjoy the right to a speedy and public trial" in all criminal prosecutions). The Texas Constitution contains a similar speedy trial guarantee. *See* Tex. Const. art. I, § 10; *Zamorano v. State,* 84 S.W.3d 643, 647 n.6 (Tex. Crim. App. 2002). Allen seeks immediate release based on the delay in charging and trying his case.

Pretrial habeas petitions proceed under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status

of the case pending against him." *Dickerson*, 816 F.2d at 224; *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973).  A state jail inmate seeking release under § 2241 must have exhausted his available state remedies.  *Braden*, 410 U.S. at 488-89; *Dickerson*, 816 F.2d at 224.  *See Braden*, 410 U.S. at 489-92, *see also Dickerson*, 816 F.2d at 225.  Allen is in custody but he has not exhausted the available state remedies on his speedy trial claim.

In Texas, the procedure for seeking pretrial relief on speedy trial grounds is to file a petition for writ of mandamus in the Texas Court of Criminal Appeals.  *See Chapman v. Evans*, 744 S.W.2d 133, 135-138 (Tex. Crim. App. 1988).  Allen states in his pleadings that he has filed several letters and appeals, but he has not filed a state mandamus petition presenting his speedy trial claim. (Docket Entry No. 1, pp. 2-3).  The court's on-line research confirms that Allen has not filed a petition for a writ of mandamus in the Texas Court of Criminal Appeals.  The Texas state courts with criminal law jurisdiction have not had the opportunity to consider Allen's speedy trial claim.

Allen's motion to proceed in forma pauperis, (Docket Entry No. 2), is granted, but his federal petition for a writ of habeas corpus is denied, without prejudice, to permit him to exhaust his state remedies.  All remaining pending motions are denied as moot.

No certificate of appealability is issued.  Allen has not made the required substantial showing of the denial of a constitutional right.  *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)).

SIGNED on July 19, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge